UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

               Plaintiff,

-against-

LENOX HILL HOSPITAL, ET AL.,

               Defendants.

23-CV-2344 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On March 3, 2023, the Court dismissed the complaint because Plaintiff is barred from filing any new action *in forma pauperis* ("IFP") in this court without first obtaining leave from the court to file, and she had not sought leave from the court to file the complaint. (ECF 4.) Plaintiff filed a notice of appeal, and by mandate dated October 26, 2023, the United States Court of Appeals for the Second Circuit dismissed the appeal because it "lack[ed] an arguable basis either in law or fact." (ECF 11) (internal quotation marks and citation omitted). On February 19, 2024, Plaintiff filed a "Notice of Motion" seeking to vacate the Court's March 31, 2023 order of dismissal and civil judgment. (ECF 12.)

      The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.     Jurisdiction**

Plaintiff filed this motion for reconsideration after the Court of Appeals dismissed her appeal. "[W]here the appellate court has already considered and rejected the basis for a [motion for reconsideration]," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994), a district court does not have jurisdiction to grant the motion unless it is based on newly discovered evidence or later events not considered by the appellate court, *see Searles v. City of Beacon*, 488 F. App'x 511, 512 (2d Cir. 2012) (citing *DeWeerth*, 38 F.3d at 1270); *see also Standard Oil Co. v. United States*, 429 U.S. 17 (1976) (holding that, under certain circumstances, a district court may reopen a case that has been reviewed on appeal). Plaintiff's submission does not suggest that the present motion is based on newly discovered evidence or later events not considered by the appellate court. The Court therefore lacks jurisdiction of Plaintiff's motion, and denies the motion on this basis.

**B.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Even if the Court had jurisdiction to consider the motion, it would still be denied. Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, even if the Court had jurisdiction of this matter, the motion under any of these clauses would still be denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action, even if the Court had jurisdiction of this matter, her request for relief under Rule 60(b) would be denied.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 12.)

3

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for documents directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 26, 2024
        New York, New York

                                               /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge